AEE

**08 C 398**

FILED
JANUARY 17, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**JUDGE HIBBLER
MAGISTRATE JUDGE NOLAN**

| | |
|---|---|
| Beatrice Talavera<br>8416 98th St.<br>Queens, NY 11421<br><br>         Plaintiff,<br><br>v.<br><br>OSI Collection Services, Inc<br>c/o C T Corporation System, Registered Agent<br>208 SO LaSalle St, Suite 814<br>Chicago, IL 60604<br><br>         Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff has brought this claim within the timeframe permitted under the FDCPA.

9. On or around December 14, 2007, Defendant telephoned Plaintiff at work.

10. During this communication, Plaintiff notified Defendant that Plaintiff was not permitted to receive personal calls at work.

11. Plaintiff told Defendant that Plaintiff did not have time to discuss personal matters at work and provided Defendant with an alternate contact number at which Plaintiff could be reached.

12. Defendant responded that if Plaintiff did not speak to Defendant, Defendant would contact the accounting department at Plaintiff's place of employment and have Plaintiff's wages garnished.

13. Plaintiff again notified Defendant that Plaintiff did not have time to discuss personal matters at work and that Plaintiff would discuss this matter with Defendant when Plaintiff was not at work.

14. Defendant then threatened Plaintiff by stating, we will take you to court and see if you have time to talk then.

15. Despite Plaintiff's notice, Defendant continued to telephone Plaintiff at work, around eight times, on or around December 14, 2007.

16. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work multiple times on or around December 17, 2007.

17. During one of these communications, Defendant spoke to Plaintiff's Boss ("Boss").

18. During this communication Boss notified Defendant that Plaintiff was not permitted to receive personal phone calls at work.

19. During this communication, Defendant told Boss that they were a collection agency calling to verify Plaintiff's employment, disclosing the existence of Plaintiff's debt.

20. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work several times on or around December 18, 2007.

21. During at least one of these communications, Defendant again spoke to Boss.

22. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work several times on or around December 19, 2007.

23. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work on or around December 20, 2007.

24. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work on or around December 21, 2007.

25. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work on or around December 24, 2007.

26. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work on or around December 26, 2007.

27. Despite Plaintiff's notice, Defendant telephoned Plaintiff at work on or around December 27, 2007.

28. During one of these communications, Defendant again spoke to Boss on or around December 27.

29. On or around December 27, 2007, Plaintiff was formally reprimanded by Boss for the repeat personal phone calls that Plaintiff was receiving because Defendant's calls disrupt Plaintiff's ability to perform her job.

30. During any of the above referenced communications in which Plaintiff spoke with Defendant, Plaintiff again provided notice that Plaintiff could not receive personal calls at work.

31. Despite Plaintiff's repeat notice, Defendant telephoned Plaintiff at work on or around January 3, 2008.

32. During this communication, Plaintiff again notified Defendant that she can not receive personal calls at work.

33. Plaintiff further notified Defendant that Plaintiff was exploring Plaintiff's options as to how Plaintiff can address this debt.

34. Defendant then belligerently accused Plaintiff of lying to Defendant and stringing Defendant along until Plaintiff could file for bankruptcy.

35. Defendant threatened Plaintiff that Defendant was going to bring legal action against Plaintiff.

36. Defendant further threatened Plaintiff that if Plaintiff filed for bankruptcy, it would not do Plaintiff any good because Defendant will still have legal action filed against Plaintiff.

37. During at least one of the above referenced communications, Defendant has used misleading tactics by indicating to Plaintiff's co-workers that it is extremely urgent that Defendant speak to Plaintiff.

38. Plaintiff's daily activities at work involve Plaintiff speaking to clients on the phone; therefore, the constant calls from Defendant severely hindered Plaintiff's ability to perform her duties at work.

39. Plaintiff is a supervisor at her place of employment and works in an open setting.

40. The employees that Plaintiff supervises have overheard Plaintiff dealing with Defendant's repeat calls to work and this has undermined Plaintiff's credibility and authority to her employees.

41. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

42. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

47. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

48. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

49. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

50. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

51. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

52. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

53. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

54. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

### Violation of the Fair Debt Collections Practices Act

55. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

56. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collections Practices Act

57. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

58. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

59. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

60. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

61. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

62. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

63. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

64. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

65. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

66. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: ___*/s/ Richard J. Meier*
Richard J. Meier
Jeffrey S. Hyslip
20 West Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866.339.1156
Fax: 312.822.1064
rjm@legalhelpers.com
jsh@legalhelpers.com
Attorneys for Plaintiff